ROBERT S. GAMMON, ADMR., ETC., *v.* L. L. ROBBINS *et al.**

(*Knoxville,* September Term, 1932.)

Opinion filed October 14, 1932.

---

*On vacation of judgment by default, see 15 R. C. L., 668; On finality of judgment by default, see 2 R. C. L., 47.

BOWEN & BOWEN, for plaintiff in error.

M. E. HARTMAN, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is an action to recover damages for the wrongful death of plaintiff's intestate. Summons was issued on October 13, 1930, and served on Robbins commanding him to appear before the Judge of the Circuit Court of Knox County on the first Monday in January, 1931, which was January 4th. Robbins failed to appear, whereupon a judgment by default was entered against him on January 10th, the order reciting: "It is therefore ordered that judgment by default be and is accordingly entered against the defendant and that the plaintiff have and recover of defendant his damages to be assessed by a jury."

On February 9th following, and at the same term of court, the defendant filed a written motion, supported by affidavits, to set aside the judgment by default. On March 28, 1931, and during the January term, the motion to set aside the judgment by default was heard and sustained, and defendant was permitted to file a plea of not guilty. The case was then submitted to a jury. The plaintiff declined to introduce proof except as to the amount of damages, insisting that the court was without authority to set aside the judgment by default. In this situation the trial court sustained the motion by defendant for a directed verdict, and plaintiff appealed. The Court of Appeals affirmed the judgment of the trial court, holding that he had a right to set aside the judgment by default since the motion was filed and sustained during the term and before final judgment was entered.

The plaintiff contends that the judgment of January 10th was final and could not be set aside after the lapse of thirty days, but admits that if the motion to set aside had been called to the court's attention on February 9th, and had been taken under advisement by the court, he

could have lawfully granted the motion any time during the term.

The defendant contends that the court had the power to set aside the judgment by default any time during the term before the damages had been assessed.

We concur with the other courts in holding that the judgment by default was not final. We quote from Shannon's Code as follows:

Sec. 4678 (sec. 8804, Code of 1932). "If the defendant fail to appear and defend at the time prescribed by law, judgment by default may be taken against him."

Sec. 4679 (sec. 8805, Code of 1932). "In such case, the judgment is final if the amount of the plaintiff's claim can be ascertained by simple calculation from the papers; when the amount cannot be thus readily ascertained, the damages will be assessed by a jury impaneled at the same term for the purpose."

Since plaintiff's claim could not be ascertained by simple calculation from the papers, it follows that the judgment by default was not final. The practice is similar to that in the chancery court where an order *pro confesso* has been entered against the defendant.

Section 6185 of Shannon's Code (sec. 10456, Code of 1932) provides as follows:

"A defendant, who has been served with process, may, at any time before final decree, on good cause shown, obtain from the chancellor, or clerk and master, an order setting aside the decree *pro confesso,* upon filing a full and sufficient answer and the payment of costs."

Writ denied.